UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10638 CAS (MANx) | Date | March 13, 2012 |
|---|---|---|---|
| Title | HOSPITAL OF BARSTOW, INC; ET AL. v. KATHLEEN SEBELIUS | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| CATHERINE JEANG | NOT PRESENT | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**     **(In Chambers:) Defendant's *Ex Parte* Application For Stay of Proceedings** (filed 03/02/12)

## I.     INTRODUCTION

On December 22, 2012, plaintiffs Hospital of Barstow, Inc., et al. filed the instant action against defendant Kathleen Sebelius, Secretary of the U.S. Department of Health and Human Services (the "Secretary"). The Secretary is responsible for administering the Medicaid program at the federal level. Through her designated agent, the Centers for Medicare and Medicaid Services ("CMS"), the Secretary is responsible for reviewing and approving policy changes that states make to their Medicaid programs.[1] Plaintiffs are numerous corporations and local health care districts that own and operate hospitals throughout California, which provide outpatient hospital services to Medi-Cal patients. The gravamen of plaintiffs' complaint is that the Secretary violated the Administrative Procedure Act, 5 U.S.C. § 701 et seq., when she approved California's State Plan Amendment ("SPA") 08-009B1, which provided for a reduction in reimbursements for providers of outpatient hospital services. Compl. ¶ 91.

On March, 2, 2012, the Secretary filed the instant *ex parte* application to stay the proceedings pending the outcome of appeals to the Ninth Circuit in the related matters of Cal. Hosp. Ass'n v. Douglas ("CHA"), CV. No. 12-5531; Managed Pharmacy Care v. Sebelius ("MPC"), Nos. 12-55067 & 12-55332; Cal. Med. Transp. Ass'n v. Douglas ("CMTA"), No. 12-55334; and Cal. Med. Ass'n v. Douglas ("CMA"), No. 12-55335.

---

[1] California's Medicaid program is known as Medi-Cal, and is administered by the Department of Health Care Services ("DHCS").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10638 CAS (MANx) | Date | March 13, 2012 |
|---|---|---|---|
| Title | HOSPITAL OF BARSTOW, INC; ET AL. v. KATHLEEN SEBELIUS | | |

Plaintiffs' opposed the application on March 5, 2012. After considering the parties' arguments, the Court finds and concludes as follows.

## II.    Background

In early 2008, the California Legislature enacted Assembly Bill X4 5 ("AB 5"), which reduced reimbursement rates for many classes of services provided under the Medi-Cal program. Most significantly for the purposes of the instant action, AB 5 enacted California Welfare and Institutions Code § 14105.19, which reduced fee-for-service payments for hospital outpatient services by 10 percent for services provided on or after July 1, 2008.

Several provider associations challenged the rate reduction, arguing that it violated, Title XIX of the Social Security Act, 42 U.S.C. § 1396 et seq., the statute establishing the Medicaid program. In particular, the providers maintained that the rate reduction violated 42 U.S.C. § 1396a(a)(30)(A) ("Section 30A"), which requires each state's Medicaid plan to:

> provide such methods and procedures relating to the utilization and procedures relating to the utilization of and the payment for, care and services available under the plan . . . as may be necessary . . . to assure that payments are consistent with efficiency, economy, and quality of care and are sufficient to enlist enough providers so that care and services are available under the plan at least to the extent that such care and services are available to the general public in the geographic area.

This Court preliminarily enjoined DHCS from applying the rate reduction to most classes of providers. In Indep. Living Ctr. Of S. Cal., Inc. v. Maxwell-Jolly, 572 F.3d 644 (9th Cir. 2009), the Ninth Circuit affirmed this Court's holding that the plaintiffs in that case were likely to prevail on their claim that AB 5 was not enacted in accordance with, and therefore preempted by, Section 30(A) because State Legislature enacted the rate cuts without consideration of reliable cost studies or analysis of the potential impact

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10638 CAS (MANx) | Date | March 13, 2012 |
|---|---|---|---|
| Title | HOSPITAL OF BARSTOW, INC; ET AL. v. KATHLEEN SEBELIUS | | |

on beneficiary access to care.[2]  Two additional rate reductions were also applied to hospital outpatient services, each in the amount of 1% that were in effect from March 1, 2009 through April 5, 2009, and from January 1, 2011, through April 5, 2011.  The plaintiffs in this case filed a state court action in 2010 challenging the adequacy of reimbursement rates for Medi-Cal hospital outpatient rates.

Under the Medicaid Act, changes in a Medicaid state plan must be submitted to, and approved by, CMS.  DHCS submitted the rate cuts at issue in this case to CMS for approval on or about September 30, 2008, as part of SPA 08-009B1.  CMS initially disapproved of SPA 08-009B1, but on October 27, 2011, CMS granted its approval.  This action followed.

**III.  LEGAL STANDARD**

A district court has discretionary power to stay proceedings in its own court.  See Landis v. North American Co., 299 U.S. 248, 254 (1936).  Accordingly, the court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."  Leyva v. Certified Grocers of Cal. Ltd., 593 F.2d 857, 863 (9th Cir. 1979).  However, case management concerns alone are not necessarily a sufficient ground to stay proceedings.  See Dependable Highway Express v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007).  "'[I]f there is even a fair possibility that the stay . . . will work damage to someone else, 'the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'"  Id. (quoting Landis, 299 U.S. at 255).  Further, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of Landis."  Lockyer v. Mirant Corp., 398 F.3d 1098, 1112 (9th Cir. 2005).

---

[2] The Court did not enjoin the rate reduction with respect to any class of hospital service, however, including hospital outpatient services, because it found that hospitals had failed to demonstrate irreparable harm resulting from the rate reduction.  The reduction was therefore in effect from July 1, 2008 through February 28, 2009, when it expired.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10638 CAS (MANx) | Date | March 13, 2012 |
|---|---|---|---|
| Title | HOSPITAL OF BARSTOW, INC; ET AL. v. KATHLEEN SEBELIUS | | |

## IV.   DISCUSSION

The Secretary argues that a stay of this case would promote judicial economy because the resolution of several cases pending before the Ninth Circuit will substantially affect the result here.  Mot. at 4.

In opposition, plaintiffs argue that a stay of the proceedings would unnecessarily delay the progress of this lawsuit and of the related state court action seeking to recover damages from the State.  Opp'n at 1.  According to plaintiffs, DHCS will likely argue in the state court action that CMS' approval means that the rate reductions complied with federal law.  Therefore, plaintiffs contend that this Court's ruling concerning plaintiffs' claim for violation of the Administrative Procedure Act is necessary for the state court action to proceed.  Id.  Further, plaintiffs maintain that the issuance of a stay at this time would not aid judicial economy because: (1) this case is in its preliminary stages; (2) the issues before the Ninth Circuit will not be dispositive in this case; (3) the Ninth Circuit's ruling will likely be appealed by the losing party; and (4) there is no reason to believe that the Ninth Circuit will overrule this Court's orders in the pending appeals.  Id. at 2–3.

The Court agrees with the Secretary that a short stay of the proceedings in this case pending the outcome of the appeals before the Ninth Circuit will promote judicial economy and cause only minimal prejudice to plaintiffs.  The issues in this case—including whether the Secretary's interpretation of Section 30(A) as articulated through the approval of a state plan amendment is entitled to deference—are substantially similar to those before the Ninth Circuit in CHA, MPC, CMTA, and CMA.  Although the Ninth Circuit's decisions may not be dispositive, they are likely to narrow the issues in this case.  Further, the Court does not believe that a stay would significantly prejudice plaintiffs for two reasons.  First, because the cases before the Ninth Circuit are appeals of preliminary injunctions, consideration is expedited.  See Ninth Cir. R. 3-3.  Second, and more fundamentally, as plaintiffs acknowledge, the Medi-Cal reimbursement reductions at issue in this case have already expired.  Compl. ¶ 71.  As a result, the only prejudice to plaintiffs due to a stay is a short delay in the potential recovery of damages from the State.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10638 CAS (MANx) | Date | March 13, 2012 |
|---|---|---|---|
| Title | HOSPITAL OF BARSTOW, INC; ET AL. v. KATHLEEN SEBELIUS | | |

**V.    CONCLUSION**

In accordance with the foregoing, the Court hereby GRANTS the Secretary's *ex parte* application for a stay of proceedings pending the Ninth Circuit's decisions in CHA, MPC, CMTA, and CMA.

IT IS SO ORDERED.

00 : 00

Initials of Preparer    CMJ