**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
555 SOUTH FLOWER STREET, SUITE 3500
LOS ANGELES, CA  90071-2411
TELEPHONE:     213.972.4500
FACSIMILE:      213.486.0065

ROBERT C. LEVENTHAL, CA Bar No. 119969
RLEVENTHAL@FOLEY.COM

A. JOEL RICHLIN, CA Bar No. 246318
JRICHLIN@FOLEY.COM

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOSPITAL OF BARSTOW, INC., et al., | Case No:  CV-11-10638 SVW (MANx) |
| Plaintiffs, | **PLAINTIFFS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| KATHLEEN SEBELIUS, SECRETARY OF UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, | |
| Defendant. | Date: January 6, 2014<br>Time: 1:30 p.m.<br>Ctrm:  6 |
| | Complaint Filed:  December 22, 2011<br>FAC Filed:  January 27, 2012<br>Judge:  Hon. Stephen V. Wilson |

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56-1, Plaintiffs Hospital of Barstow, Inc., et al. ("Plaintiffs") hereby submit the following Separate Statement of Uncontroverted Facts and Conclusions of Law in support of its Motion for Summary Judgment against Defendant Secretary of U.S. Department of Health and Human Services (the "Secretary"). The uncontroverted facts set forth below include every essential element to entitle Plaintiffs to judgment as a matter of law, or in the alternative, to summary adjudication.

| **UNCONTROVERTED FACTS** | **SUPPORTING EVIDENCE** |
| --- | --- |
| 1. The Centers for Medicare & Medicaid Services ("CMS") initially disapproved California's State Plan Amendment ("SPA") implementing a 10% Medi-Cal hospital outpatient rate cut that was in effect for eight months from July 2008 through February 2009. | 1. (HHS00175.) |
| 2. After initially disapproving the rate cut, CMS reversed itself and retroactively approved the July 2008 rate cut in October 2011. | 2. (HHS01951.) |
| 3. The entire discussion of Medi-Cal access to outpatient services in the Administrative Record is contained in less than two pages of the Department's report, page | 3. (HHS01378-79.) |

| | |
|---|---|
| 5 and half of page 6. This discussion includes no mention of the level of access to outpatient services that the general public enjoys and no comparison of the public's access to hospital outpatient services to the access of Medi-Cal patients. | |

| **CONCLUSION OF LAW** | **LEGAL AUTHORITY** |
|---|---|
| 1. The Emergency Medical Treatment and Active Labor Act ("EMTALA") requires hospitals to screen all persons that show up in their emergency departments (and under certain circumstances elsewhere on hospital premises) to determine whether they are suffering from an emergency medical condition. | 1. *See* 42 U.S.C. § 1395dd. |
| 2. Medicaid rates must be adequate to insure that "care and services are available under the plan at least to the extent that such care and services are available to the | 2. 42 U.S.C. § 1396a(a)(30)(A); (*see also* HHS01951.) |

| | |
|---|---|
| general public in the geographic area." | |
| 3. 42 U.S.C. § 1396a(a)(30)(A) provides a clear unequivocal standard and CMS cannot interpret the Medicaid Act in a manner that is inconsistent with this standard. | 3. *See Cal. Ass'n of Rural Health Clinics v. Douglas*, __ F.3d __, 2013 U.S. App. LEXIS 19215, *16-17 (9th Cir. Sept. 17, 2013); *Christ the King Manor v. Secretary HHS*, __ F.3d __, 2013 U.S. App. LEXIS 19317, *36-38 (3d Cir. Sept. 19, 2013). |
| 4. Because the Administrative Record does not contain any comparison of the access of the general public to hospital outpatient services with that of the Medi-Cal population and, in fact, contains no data regarding the general public's access to hospital outpatient services, CMS's approval of the rate cut was arbitrary and capricious. | 4. *See Cal. Ass'n of Rural Health Clinics*, 2013 U.S. App. LEXIS 19215, at *23-24; *Christ the King Manor*, 2013 U.S. App. LEXIS 19317, at *57. |

| | |
|---|---|
| 5. The Department cannot rely on the fact that a health provider is legally required to provide acess under EMTALA to satisfy the statutory requirement that the rates must be sufficient to assure access. | 5. *See, Christ the King Manor*, 2013 U.S. App. LEXIS 19317, at *50-51. |

D ATED: N OVEMBER 7, 2013

**FOLEY & LARDNER LLP**
ROBERT C. LEVENTHAL
A. JOEL RICHLIN

BY:
    /S/ *ROBERT C. LEVENTHAL*
    ROBERT C. LEVENTHAL
    ATTORNEYS FOR PLAINTIFFS