STUART F. DELERY
Assistant Attorney General

ANDRE BIROTTE JR.
United States Attorney
Central District of California

SHEILA M. LIEBER
Deputy Director

TAMRA T. MOORE
BENJAMIN L. BERWICK
E-Mail:Tamra.Moore@usdoj.gov
Trial Attorney
U.S. Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Ave. NW
Washington, D.C. 20530
Telephone: (202) 514-8095
Facsimile: (202) 616-8460
DC Bar #488392

*Attorneys for Defendant Sebelius*

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| HOSPITAL OF BARSTOW, INC. et al., <br><br> Plaintiffs, <br><br> vs. <br><br> KATHLEEN SEBELIUS, in her official capacity as Secretary of Health and Human Services, <br><br> Defendant. | Case No.: Cv-11-10638 (SVW-MAN) <br><br> DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW <br><br> Date: January 6, 2014 <br> Time: 1:30 pm <br> Courtroom: 6 <br><br> Trial Date: None set |

Pursuant to Local Rule 56-1, defendant Kathleen Sebelius, Secretary of Health and Human Services, submits the following Statement of Uncontroverted Facts and Conclusions of Law:

Defendant's Statement of Uncontroverted Facts and Conclusions of Law - 1

# UNCONTROVERTED FACTS

## A. STATUTORY AND REGULATORY BACKGROUND

1. The Medicaid Program, established under Title XIX of the Social Security Act of 1935, 42 U.S.C. § 1396 *et seq.*, provides partial federal funding for state programs that pay for covered services provided to persons "whose income and resources are insufficient to meet the costs of necessary medical services." 42 U.S.C. § 1396-1.

2. To be eligible for federal funding, a state must develop a "plan for medical assistance" and submit it to the Secretary of Health and Human Services for approval through CMS. 42 U.S.C. § 1396a(b).

3. Congress granted the Secretary the authority to approve amendments to a state plan. 42 C.F.R. § 430.12(c)(2)(i).

4. The Medicaid Act contains 83 separate requirements with which each state plan for medical assistance must comply. 42 U.S.C. § 1396a(a).

5. Section 30(A) of the Medicaid Act requires a state plan to "provide such methods and procedures relating to the utilization of, and payment for, care and services available under the plan . . . as may be necessary to safeguard against unnecessary utilization of such care and services and to assure that payments are consistent with efficiency, economy, and quality of care and are sufficient to enlist enough providers so that care and services are

available under the plan at least to the extent that such care and services are available to the general population in the geographic area. 42 U.S.C. § 1396a(30)(A).

6. The State of California has elected to participate in the Medicaid program and therefore has agreed to comply with the program's requirements. Cal. Welf. & Inst. § 10740. The State has designated the Department of Health Care Services ("DCHS") to administer and supervise its Medicaid program, known as Medi-Cal. *Id.* The Director of DCHS is responsible for developing California's state plan for medical assistance and for submitting any necessary plan amendments to CMS. 42 C.F.R. § 420.12(c)(ii).

**B. CALIFORNIA'S STATE PLAN AMENDMENTS**

7. On September 30, 2008, California submitted state plan amendment 08-009 ("SPA") to the Centers of Medicare and Medicaid Services ("CMS"), a component within the United States Department of Health and Human Services, for approval. Administrative Record ("A.R.") HHS00003-18.

8. On October 29, 2008the State split the initial SPA into several SPAs, including 08-009B1, which reduces payment rates for hospital outpatient services. *Id.* at HHS00018-34.

9. On December 24, 2008, CMS requested that California provide additional information regarding SPA 08-009B1. *Id.* at HHS00037-46.

Defendant's Statement of Uncontroverted Facts and Conclusions of Law - 3

10. The State did not submit a response to CMS until March 2010. *Id.* at HHS00114-173.

11. On November 18, 2010, CMS disapproved SPA08-009B1 because the State had not provided sufficient information regarding the impact of the proposed cuts on beneficiary access to hospital outpatient services as required under Section 30(A). *Id.* at HHS000175-76.

12. On November 18, 2010, California requested reconsideration of CMS's decision to disapprove SPA 08-009B1. *Id.* at HHS000177-78.

13. Between March 25, 2011, and October 3, 2011, the State submitted additional documentation in support of SPA 08-009B1. Those materials included access analyses and a comprehensive monitoring plan. *Id.* at HHS000269-758, 1476-1558.

14. CMS also received comments regarding, SPA 08-009B1 and other SPAs from various provider associations, hospital associations, and other interested parties. *See, e.g.*, *id.* at HHS000210-215, 263-64, 265-67, 759-951, 963-65, 966-1137.

15. SPA 08-009B1 reduces the payment rate for hospital outpatient services by 10 percent for dates of service on or after July 1, 2008, through and including February 28, 2009, and by one percent for dates of service on or

Defendant's Statement of Uncontroverted Facts and Conclusions of Law - 4

after March 1, 2009, through and including May 31, 2013. *Id.* at HHS00030-31.

16. On October 27, 2011, CMS approved SPA 08-009B1. HHS1949-1967.

**C. This Litigation**

17. Plaintiffs, 59 hospitals providing outpatient services to Medicaid beneficiaries, filed this suit against the Secretary, challenging her decision to approve SPA 08-009B1 under the Administrative Procedure Act ("APA") and Section 30(A) of the Medicaid Act. Pls' Am. Compl., ECF No. 9.

18. On November 7, 2013, the parties moved for cross-motions for summary judgment.

## CONCLUSIONS OF LAW

1. The scope of review of an APA claim is confined to the administrative record designated by the Secretary. *Nw. Motorcycle Ass'n v. USDA*, 18 F.3d 1468, 1472 (9th Cir. 1994).

2. Because the district court's review of an APA claim is limited to the administrative record, there are "no questions of material fact that would render it inappropriate" to grant summary judgment. *Ursack, Inc. v. Sierra Interagency Black Bear Grp.*, Civ. No. 08-1808, 2009 WL 2422784, at *5 (N.D. Cal. Aug. 6, 2009).

Defendant's Statement of Uncontroverted Facts and Conclusions of Law - 5

3. CMS's decision that SPA 08-009B1 complies with the requirements of Section 30(A) of the Medicaid Act is entitled to deference under the principles articulated in *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984). *Managed Pharmacy Care v. Sebelius*, 716 F.3d 1235, 1250 (9th Cir. 2013).

4. CMS's decision to approve SPA 08-009B1 must be upheld "as long as there is a rational connection between the facts found and the conclusions made." *Barnes v. U.S. Dep't of Transp.*, 655 F.3d 1124, 1132 (9th Cir. 2011).

5. Under *National Cable & Telecomm. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967 (2005), the Secretary is not bound by the Ninth Circuit's decision in *Orthopaedic Hospital v. Belshe*, 103 F.3d 1491 (9th Cir. 1997) because the Secretary has now expressed her interpretation of Section 30(A) in the context of an adjudication and that interpretation is entitled to *Chevron* deference. *Managed Pharmacy Care*, 716 F.3d at 1246.

6. The Secretary's interpretation of Section 30(A) as embodied in the approval of a SPA is entitled to *Chevron* deference. *Id.* at 1248-49.

7. The Secretary's interpretation that Section 30(A) does not require states to submit cost studies to support a proposed rate reduction is entitled to *Chevron* deference. *Id.*

8. The Ninth Circuit upheld the Secretary's interpretation of Section 30(A) in

*Managed Pharmacy Care v. Sebelius*, 716 F.3d 1235 (9th Cir. 2013).

DATED: November 7, 2013

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

ANDRÉ BIROTTE JR.
United States Attorney
Central District of California

SHEILA LIEBER
Deputy Director

s/ *Tamra T. Moore*
TAMRA T. MOORE
BENJAMIN L. BERWICK
E-Mail: Tamra.Moore@usdoj.gov
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, D.C. 20530
Phone: (202) 514-8095
Fax: (202) 616-8460

*Attorneys for Defendant Sebelius*

Defendant's Statement of Uncontroverted Facts and Conclusions of Law - 7