**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
555 SOUTH FLOWER STREET, SUITE 3500
LOS ANGELES, CA 90071-2411
TELEPHONE: 213.972.4500
FACSIMILE: 213.486.0065

ROBERT C. LEVENTHAL, CA Bar No. 119969
RLEVENTHAL@FOLEY.COM

A. JOEL RICHLIN, CA Bar No. 246318
JRICHLIN@FOLEY.COM

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOSPITAL OF BARSTOW, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> KATHLEEN SEBELIUS, SECRETARY OF UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br> Defendant. | Case No: CV-11-10638 SVW (MANx) <br><br> **PLAINTIFFS' SEPARATE STATEMENT OF GENUINE DISPUTES IN SUPPORT OF THEIR OPPOSITION TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** <br><br> Date: January 6, 2014 <br> Time: 1:30 p.m. <br> Ctrm: 6 <br><br> Complaint Filed: December 22, 2011 <br> FAC Filed: January 27, 2012 <br> Judge: Hon. Stephen V. Wilson |

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56-2, Plaintiffs Hospital of Barstow, Inc., et al. ("Plaintiffs"), hereby submit the following Separate Statement of Genuine Disputes in support of their Opposition to the Cross-Motion for Summary Judgment filed by Defendant Secretary of U.S. Department of Health and Human Services (the "Secretary"). As set for the below, the uncontroverted facts identified by the Secretary do entitle her to judgment as a matter of law. Similarly, the legal conclusions identified by the Secretary either do not entitle her to judgment as a matter of law or are disputed by Plaintiffs.

| **DEFENDANT'S UNCONTROVERTED FACTS** | **PLAINTIFFS' RESPONSE** |
|---|---|
| 1. The Medicaid Program, established under Title XIX of the Social Security Act of 1935, 42 U.S.C. § 1396 *et. seq.*, provides partial federal funding for state programs that pay for covered services provided to persons "whose income and resources are insufficient to meet the costs of necessary medical services." 42 U.S.C. § 1396-1. | 1. Undisputed, but this fact does not entitle the Sectary to judgment as a matter of law. |
| 2. To be eligible for federal funding, a state must develop a "plan for medical assistance" and submit it to the Secretary of Health and Human Services for approval through CMS. 42 | 2. Undisputed, but this fact does not entitle the Sectary to judgment as a matter of law. |

| | |
|---|---|
| U.S.C. § 1396a(b). | |
| 3. Congress granted the Secretary the authority to approve amendments to a state plan. 42 C.F.R. § 430.12(c)(2)(i). | 3. Undisputed, but the Secretary must compare the access of Med-Cal beneficiaries to that of the general public in deciding whether to approve amendments to a state plan. *See* 42 U.S.C. § 1396a(a)(30)(A); *see also Managed Pharm. Care v. Sebelius*, 716 F.3d 1235, 1241 (9th Cir. 2013); *Christ the King Manor v. Secretary HHS*, 730 F.3d 291, 312-14 (3d Cir. 2013). |
| 4. The Medicaid Act contains 83 separate requirements with which each state plan for medical assistance must comply. 42 U.S.C. § 1396a(a). | 4. Undisputed, but California's state plan does not comply with the requirement "that care and services are available under the plan at least to the extent that such care and services are available to the general population in the geographic area." 42 U.S.C. § 1396a(a)(30)(A). |
| 5. Section 30(A) of the Medicaid Act requires a state plan to "provide such methods and procedures relating to utilization | 5. Undisputed, but California's state plan does not comply with this requirement. |

| | |
|---|---|
| of, and payment for, care and services available under the plan . . . as may be necessary to safeguard against unnecessary utilization of such care and services and to assure that payments are consistent with efficiency, economy, and quality of care and are sufficient to enlist enough providers so that care and services are available under the plan at least to the extent that such care and services are available to the general population in the geographic area.  42 U.S.C. § 1396a(30)(A). | |
| 6. The State of California has elected to participate in the Medicaid program and therefore has agreed to comply with the program's requirements.  Cal. Welf. & Inst. § 10740.  The State has designated the Department of Health Care Services ("DCHS") to administer and supervise its Medicaid program, known as Medi-Cal. *Id.*  The | 6. Undisputed, but the California state plan must still comply with 42 U.S.C. § 1396a(a)(30)(A).  *See, e.g.*, *Managed Pharm. Care*, 716 F.3d at 1241. |

3
PLAINTIFFS' STATEMENT OF GENUINE DISPUTES ISO OPPOSITION TO DEFENDANT'S MSJ
CASE NO.  CV-11-10638 SVW (MANx)

4850-4565-6599.1

| | |
|---|---|
| Director of DCHS is responsible for developing California's state plan for medical assistance and for submitting any necessary plan amendments to CMS. 42 C.F.R. § 420.12(c)(ii). | |
| 7. On September 30, 2008, California submitted state plan amendment 08-009 ("SPA") to the Centers of Medicare and Medicaid Services ("CMS"), a component within the United States Department of Health and Human Services, for approval. Administrative Record ("A.R.") HHS00003-18. | 7. Undisputed, but the SPA does not comply with 42 U.S.C. § 1396a(a)(30)(A). |
| 8. On October 29, 2008[, ]the State split the initial SPA into several SPAs, including 08-009B1, which reduces payment rates for hospital outpatient services. *Id.* at HHS00018-34. | 8. Undisputed, but the SPA does not comply with 42 U.S.C. § 1396a(a)(30)(A). |
| 9. On December 24, 2008, CMS requested that California provide additional information regarding SPA 08-009B1. *Id.* at HHS00037-46. | 9. Undisputed, but this fact does not entitle the Sectary to judgment as a matter of law. |

4
PLAINTIFFS' STATEMENT OF GENUINE DISPUTES ISO OPPOSITION TO DEFENDANT'S MSJ
CASE NO. CV-11-10638 SVW (MANx)

| | |
|---|---|
| 10. The State did not submit a response to CMS until March 2010. *Id.* at HHS00114-173. | 10. Undisputed, but this fact does not entitle the Sectary to judgment as a matter of law. |
| 11. On November 18, 2010, CMS disapproved SPA08-009B1 because the State had not provided sufficient information regarding the impact of the proposed cuts on beneficiary access to hospital outpatient services as required under Section 30(A). *Id.* at HHS000175-76. | 11. Undisputed, but this fact does not entitle the Sectary to judgment as a matter of law. |
| 12. On November 18, 2010, California requested reconsideration of CMS's decision to disapprove SPA 08-009B1. *Id.* at HHS000177-78. | 12. Undisputed, but this fact does not entitle the Sectary to judgment as a matter of law. |
| 13. Between March 25, 2011, and October 3, 2011, the State submitted additional documentation in support of SPA 08-009B1. Those materials included access analyses and a comprehensive monitoring plan. *Id.* at HHS000269-758, 1476-1558. | 13. Undisputed, but those materials did not include a comparison of the level of access to outpatient services that the general public enjoys with that of Medi-Cal patients or an analysis of whether access to emergency services was created by EMTALA and not by the Medi- |

| | |
|---|---|
| | Cal rates.  (HHS01378-79.) |
| 14. CMS also received comments regarding, SPA 08-009B1 and other SPAs from various provider associations, hospital associations, and other interested parties. *See, e.g., id.* at HHS000210-215, 263-64, 265-67, 759-951, 963-65, 966-1137. | 14. Undisputed, but this fact does not entitle the Sectary to judgment as a matter of law. |
| 15. SPA 08-009B1 reduces the payment rate for hospital outpatient services by 10 percent for dates of service on or after July 1, 2008, through and including February 28, 2009, and by one percent for dates of service on or after March 1, 2009, through and including May 31, 2013. *Id.* at HHS00030-31. | 15. Undisputed, but this fact does not entitle the Sectary to judgment as a matter of law. |
| 16. On October 27, 2011, CMS approved SPA 08-009B1. HHS1949-1967. | 16. Undisputed, but this fact does not entitle the Sectary to judgment as a matter of law. |
| 17. Plaintiffs, 59 hospitals providing outpatient services to Medicaid beneficiaries, filed this suit against the Secretary, | 17. Undisputed, but this fact does not entitle the Sectary to judgment as a matter of law. |

| | |
|---|---|
| challenging her decision to approve SPA 08-009B1 under the Administrative Procedure Act ("APA") and Section 30(a) of the Medicaid Act. Pls' Am. Compl., ECF No. 9. | |
| 18. On November 7, 2013, the parties moved for cross-motions for summary judgment. | 18. Undisputed, but this fact does not entitle the Sectary to judgment as a matter of law. |

| **DEFENDANT'S CONCLUSION OF LAW** | **PLAINTIFF'S RESPONSE** |
|---|---|
| 1. The scope of review of an APA claim is confined to the administrative record designated by the Secretary. *Nw. Motorcycle Ass'n v. USDA,* 18 F.3d 1468, 1472 (9th Cir. 1994). | 1. Undisputed, but the administrative record here shows that the Secretary's approval of the rate cut was arbitrary and capricious. (HHS01378-79.) |
| 2. Because the district court's review of an APA claim is limited to the administrative record, there are "no questions of material fact that would render it inappropriate" to grant summary judgment. *Ursack, Inc. v. Sierra Interagency Black Bear Grp.,* Civ. No. 08-1808, 2009 WL | 2. Undisputed, which is why the Court should grant **Plaintiffs'** Motion for Summary Judgment. |

| | |
|---|---|
| 2422784, at *5 (N.D. Cal. Aug. 6, 2009). | |
| 3. CMS's decision that SPA 08-009B1 complies with the requirements of Section 30(A) of the Medicaid Act is entitled to deference under the principles articulated in *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.,* 467 U.S. 837 (1984). *Managed Pharmacy Care v. Sebelius,* 716 F.3d 1235, 1250 (9th Cir. 2013). | 3. Disputed. Because 42 U.S.C. § 1396a(a)(30)(A) provides a clear and unequivocal standard requiring the amounts paid to be sufficient to insure that "care and services are available to Medicaid beneficiaries at least to the extent that care and services are available to the general public in the geographic area," CMS cannot interpret the Medicaid Act in a manner that is inconsistent with this standard. *See, e.g.*, *Cal. Ass'n of Rural Health Clinics v. Douglas*, __ F.3d __, 2013 U.S. App. LEXIS 19215, *16-17 (9th Cir. Sept. 17, 2013); *Christ the King Manor*, 730 F.3d at 307-09. Furthermore, even if *Chevron* deference is given, the Secretary's approval can be overturned if the Secretary acted arbitrarily and capriciously. Since neither CMS nor the |

| | | |
|---|---|---|
| 1 2 3 4 5 6 7 8 9 10 11 12 | | California Department of Health Care Services determined the level of access the general public has to outpatient services and compared that access with the level of access that Medi-Cal patients have, or looked at whether access was created by EMTALA and not by the Medi-Cal rates, CMS acted arbitrarily and capriciously in approving the rate cut. |
| 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 | 4. CMS's decision to approve SPA 08-009B1 must be upheld "as long as there is a rational connection between the facts found and the conclusions made." *Barnes v. U.S. Dep't of Transp.,* 655 F.3d 1124, 1132 (9th Cir. 2011). | 4. Disputed. This Court must set aside an agency action where "the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto.* |

28

9
PLAINTIFFS' STATEMENT OF GENUINE DISPUTES ISO OPPOSITION TO DEFENDANT'S MSJ
CASE NO. CV-11-10638 SVW (MANx)

4850-4565-6599.1

| | |
|---|---|
| | *Ins.*, 463 U.S. 29, 43, 103 S. Ct. 2856, 77 L. Ed. 2d 443 (1983); *see also Alaska Dep't of Health & Soc. Svcs. v. Ctrs. for Medicare & Medicaid Servs.*, 424 F.3d 931, 938 (9th Cir. 2011). |
| 5. Under *National Cable & Telecomm. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967 (2005), the Secretary is not bound by the Ninth Circuit's decision in *Orthopaedic Hospital v. Belshe,* 103 F.3d 1491 (9th Cir. 1997) because the Secretary has now expressed her interpretation of Section 30(A) in the context of an adjudication and that interpretation is entitled to *Chevron* deference. *Managed Pharmacy Care,* 716 F.3d at 1246. | 5. Disputed. *Managed Pharm. Care* is distinguishable because the statutory text at issue there was imprecise. *See, e.g.*, *Cal. Ass'n of Rural Health Clinics*, 2013 U.S. App. LEXIS 19215, at *16-17. By contrast here, because 42 U.S.C. § 1396a(a)(30)(A) provides a clear and unequivocal standard requiring , the amounts paid to be sufficient to insure that "care and services are available to Medicaid beneficiaries at least to the extent that care and services are available to the general public in the geographic area,", CMS cannot interpret the Medicaid Act in a manner that is inconsistent with this standard. |

10
PLAINTIFFS' STATEMENT OF GENUINE DISPUTES ISO OPPOSITION TO DEFENDANT'S MSJ
CASE NO. CV-11-10638 SVW (MANx)

4850-4565-6599.1

| | |
|---|---|
| | *See, e.g., id.*; *Christ the King Manor*, 730 F.3d at 307-09. |
| 6. The Secretary's interpretation of Section 30(A) as embodied in the approval of a SPA is entitled to *Chevron* deference. *Id.* at 1248-49. | 6. Disputed. Because 42 U.S.C. § 1396a(a)(30)(A) provides a clear and unequivocal standard requiring the amounts paid to be sufficient to insure that "care and services are available to Medicaid beneficiaries at least to the extent that care and services are available to the general public in the geographic area," the Secretary cannot interpret the Medicaid Act in a manner that is inconsistent with this standard. *See, e.g., Cal. Ass'n of Rural Health Clinics*, 2013 U.S. App. LEXIS 19215, at *16-17; *Christ the King Manor*, 730 F.3d at 307-09. Furthermore, even if Chevron deference is given, the Secretary's approval must be overturned if the Secretary acted arbitrarily and capriciously. Since neither CMS nor the California Department of Health Care Services determined the |

| | |
|---|---|
| | level of access the general public has to outpatient services and compared that access with the level of access that Medi-Cal patients have, or looked at whether access was created by EMTALA and not by the Medi-Cal rates, CMS acted arbitrarily and capriciously in approving the rate cut. |
| 7. The Secretary's interpretation that Section 30(A) does not require states to submit cost studies to support a proposed rate reduction is entitled to *Chevron* deference. *Id.* | 7. Undisputed, but the issue in this case is not whether a cost study is required, but whether the rates comply with clear and unequivocal language from 30(A) that requires the amounts paid to be sufficient to insure that "care and services are available to Medicaid beneficiaries at least to the extent that care and services are available to the general public in the geographic area."  CMS cannot interpret the Medicaid Act in a manner that is inconsistent with this standard. Since neither CMS nor the |

| | |
|---|---|
| | California Department of Health Care Services determined the level of access the general public has to outpatient services and compared that access with the level of access that Medi-Cal patients have, or looked at whether access was created by EMTALA and not by the Medi-Cal rates, CMS acted arbitrarily and capriciously in approving the rate cut.  *See, e.g.*, *Cal. Ass'n of Rural Health Clinics*, 2013 U.S. App. LEXIS 19215, at *15-17; *Christ the King Manor,* 730 F.3d at 312-14. |
| 8.  The Ninth Circuit upheld the Secretary's interpretation of Section 30(A) in *Managed Pharmacy Care v. Sebelius,* 716 F.3d 1235 (9th Cir. 2013). | 8.  Undisputed, but *Managed Pharm. Care* is distinguishable because the statutory text at issue there was imprecise. *See, e.g.*, *Cal. Ass'n of Rural Health Clinics*, 2013 U.S. App. LEXIS 19215, at *16-17.  By contrast here, the statutory language at issue provides a clear and unequivocal standard that the amounts paid must be sufficient |

13
PLAINTIFFS' STATEMENT OF GENUINE DISPUTES ISO OPPOSITION TO DEFENDANT'S MSJ
CASE NO.  CV-11-10638 SVW (MANx)

4850-4565-6599.1

|   |   |
|---|---|
|   | to insure that "care and services are available to Medicaid beneficiaries at least to the extent that care and services are available to the general public in the geographic area." CMS cannot interpret the Medicaid Act in a manner that is inconsistent with this standard. *See, e.g., id.*; *Christ the King Manor*, 730 F.3d at 307-09. |

DATED: DECEMBER 9, 2013

**FOLEY & LARDNER LLP**
ROBERT C. LEVENTHAL
A. JOEL RICHLIN

BY:  /S/ *ROBERT C. LEVENTHAL*
ROBERT C. LEVENTHAL
ATTORNEYS FOR PLAINTIFFS