STUART F. DELERY
Assistant Attorney General

ANDRE BIROTTE JR.
United States Attorney
Central District of California

SHEILA M. LIEBER
Deputy Director

TAMRA T. MOORE
BENJAMIN L. BERWICK
E-Mail:Tamra.Moore@usdoj.gov
Trial Attorney
U.S. Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Ave. NW
Washington, D.C. 20530
Telephone: (202) 514-8095
Facsimile: (202) 616-8460
DC Bar #488392

*Attorneys for Defendant Sebelius*

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| HOSPITAL OF BARSTOW, INC. et al., <br><br> Plaintiffs, <br><br> vs. <br><br> KATHLEEN SEBELIUS, in her official capacity as Secretary of Health and Human Services, <br><br> Defendant. | Case No.: Cv-11-10638 (SVW-MAN) <br><br> DEFENDANT'S RESPONSE TO PLAINTIFFS' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW <br><br> Date: January 6, 2014 <br> Time: 1:30 pm <br> Courtroom: 6 <br><br> Trial Date: None set |

Defendant's Response to Plaintiffs' Statement of

Uncontroverted Facts and Conclusions of Law - 1

Pursuant to Local Rule 56-1, defendant Kathleen Sebelius, Secretary of Health and Human Services, submits the following Response to Plaintiffs' Statement of Uncontroverted Facts and Conclusions of Law:

## UNCONTROVERTED FACTS

1. **Plaintiffs' Statement:** The Centers for Medicare & Medicaid Services ("CMS") initially disapproved California's State Plan Amendment ("SPA") implementing a 10% Medi-Cal hospital outpatient rate cut that was in effect for eight months from July 2008 through February 2009.  HHS00175.

   **Defendant's Response:**  Defendant does not dispute that CMS initially disapproved SPA 08-009B1, which sought to implement a 10% payment rate reduction for Medi-Cal hospital outpatient services for dates of service on or after July 1, 2008, through and including February 28, 2009.  *See* HHS000175-76.

2. **Plaintiffs' Statement:** After initially disapproving the rate cut, CMS reversed itself and retroactively approved the July 2008 rate cut in October 2011.  HHS01951.

   **Defendant's Response:** Defendant does not dispute that CMS approved the July 2008 rate cut in October 2011.  *See* HHS01951. Defendant further responds that CMS approved the challenged rate cut only after the State submitted, at CMS's request, an access analysis, utilization data, a

monitoring plan, and other materials that demonstrated that beneficiaries would continue to have access to covered hospital outpatient services notwithstanding the 10% payment rate reduction.  *See* HHS000285, HHS001374-75, HHS001378-80, HHS001502, HHS001527.

3. **Plaintiffs' Statement:** The entire discussion of Medi-Cal access to outpatient services in the Administrative Record is contained in less than two pages of the Department's report, page 5 and half of page 6. This discussion includes no mention of the level of access to outpatient services that the general public enjoys and no comparison of the public's access to hospital outpatient services to the access of Medi-Cal patients.  HHS001378-79.

**Defendant's Response:** Defendant disputes that the entire discussion of Medi-Cal access to outpatient services in the Administrative Record is contained in less than two pages of the Department's report, pages 5 and half of 6, and that the record contains no discussion of the level of access to outpatient services that the general public enjoys and no comparison of the public's access to hospital outpatient services to the access of Medi-Cal patients.  *See* HHS00218, HHS00220, HHS00285, HHS001374-75, HHS001378-80, and HHS001477-1558, HHS001951. Defendant respectfully refers the Court to the entirety of the Administrative Record,

Defendant's Response to Plaintiffs' Statement of
Uncontroverted Facts and Conclusions of Law - 3

including HHS00218, HHS00220, HHS00218, HHS00220, HHS00285, HHS001374-75, HHS001378-80, and HHS001477-1558, HHS001951, which contain some of the access analyses, utilization data, and discussion of the State's implementation of a monitoring plan that CMS reviewed and carefully considered before approving the challenged SPA.

## CONCLUSIONS OF LAW

1. **Plaintiffs' Conclusion of Law:** The Emergency Medical Treatment and Active Labor Act ("EMTALA") requires hospitals to screen all persons that show up in their emergency departments (and under certain circumstances elsewhere on hospital premises) to determine whether they are suffering from an emergency medical condition.  *See* 42 U.S.C. § 1395dd.

    **Defendant's Response:** Defendant does not dispute that EMTALA requires hospitals to provide emergency medical treatment to patients regardless of their ability to pay.  *See* 42 U.S.C. § 1395dd; *see also Arrington v. Wong*, 237 F.3d 1066, 1069 (9th Cir. 2001).

2. **Plaintiffs' Conclusion of Law:** Medicaid rates must be adequate to insure that "care and services are available under the plan at least to the extent that such care and services are available to the general public in the geographic area."  42 U.S.C. § 1396a(30)(A); *see also* HHS01951.

Defendant's Response to Plaintiffs' Statement of
Uncontroverted Facts and Conclusions of Law - 4

**Defendant's Response:** Defendants do not dispute that payment rates must satisfy the requirements of 42 U.S.C. § 1396a(30)(A). *See id.* at § 1396a(30)(A); *but see also Managed Pharmacy Care v. Sebelius*, 716 F.3d 1235, 1249 (9th Cir. 2013) ("The Secretary must be free to consider, for each State, the most appropriate way for that State to demonstrate compliance with § 30(A).")

3. **Plaintiffs' Conclusion of Law:** 42 U.S.C. § 1396a(a)(30)(A) provides a clear unequivocal standard and CMS cannot interpret the Medicaid Act in a manner that is inconsistent with this standard. *See Cal. Ass'n of Rural Health Clinics v. Douglas*, __F.3d__, 2013 U.S. App. LEXIS 19215, *16-17 (9th Cir. Sept. 17, 2013); *Christ the King Manor v. Sec'y HHS*, __F.3d__, 2013 U.S. App. LEXIS 19317, *36-38 (3d Cir. Sept. 19, 2013).

**Defendant's Response:** Defendant disputes that § (30)(A) provides a clear unequivocal standard. *See Cal. Ass'n of Rural Health Clinics v. Douglas*, Nos. 10-17574, 10-17622, 2013 WL 5184355, at *6 (9th Cir. Sept. 17, 2013) (explaining that § 30(A)'s statutory language is "amorphous" and "broad and diffuse"); *see also Managed Pharmacy Care*, 716 F.3d at 1249 ("by its terms § 30(A) requires a substantive result – reimbursement rates must be consistent with efficiency economy, and quality of care, and sufficient to enlist enough providers to ensure adequate beneficiary access" but noting

Defendant's Response to Plaintiffs' Statement of
Uncontroverted Facts and Conclusions of Law - 5

that "Congress did not purport to instruct the Secretary *how* to accomplish these substantive goals. That decision is left to the agency.").

4. **Plaintiffs' Conclusion of Law:** Because the Administrative Record does not contain any comparison of the access of the general public to hospital outpatient services with that of the Medi-Cal population and, in fact, contains no data regarding the general public's access to hospital outpatient services, CMS's approval of the rate cut was arbitrary and capricious. *See Cal. Ass'n of Rural Health Clinics*, 2013 U.S. App. LEXIS 19215, at *23-24; *Christ the King Manor*, 2013 U.S. App. LEXIS 19317, at *57.

**Defendant's Response:** Defendant disputes plaintiffs' characterization of the Administrative Record and respectfully refers to the Court to the entirety of the record, including HHS00218, HHS00220, HHS00218, HHS00220, HHS00285, HHS001374-75, HHS001378-80, and HHS001477-1558, HHS001951, which contain some of the access analyses, utilization data, and discussion of the State's implementation of a monitoring plan that CMS reviewed and carefully considered before approving the challenged SPA. Defendant further disputes that CMS's decision to approve the challenged SPA based on the record before it was arbitrary and capricious. *See Managed Pharmacy Care*, 716 F.3d at 1250-51 (upholding CMS's decision

Defendant's Response to Plaintiffs' Statement of
Uncontroverted Facts and Conclusions of Law - 6

to approve SPAs based on an administrative record that contained access analyses, utilization data, and a monitoring plan).

DATED: December 9, 2013

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

ANDRÉ BIROTTE JR.
United States Attorney
Central District of California

SHEILA LIEBER
Deputy Director

s/ *Tamra T. Moore*
TAMRA T. MOORE
BENJAMIN L. BERWICK
E-Mail: Tamra.Moore@usdoj.gov
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, D.C. 20530
Phone: (202) 514-8095
Fax: (202) 616-8460

*Attorneys for Defendant Sebelius*

Defendant's Response to Plaintiffs' Statement of Uncontroverted Facts and Conclusions of Law - 7