BENJAMIN C. MIZER
Acting Assistant Attorney General

ANDRE BIROTTE JR.
United States Attorney
Central District of California

SHEILA M. LIEBER
Deputy Director

TAMRA T. MOORE
BENJAMIN L. BERWICK
E-Mail:Tamra.Moore@usdoj.gov
Trial Attorney
U.S. Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Ave. NW
Washington, D.C. 20530
Telephone: (202) 514-8095
Facsimile: (202) 616-8460
DC Bar #488392

*Attorneys for Defendant Burwell*

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| HOSPITAL OF BARSTOW, INC. et al., <br><br> Plaintiffs, <br><br> vs. <br><br> SYLVIA M. BURWELL, in her official capacity as Secretary of Health and Human Services, <br><br> Defendant.[1] | Case No.: Cv-11-10638 (SVW-MAN) <br><br> DEFENDANT'S SUPPLEMENTAL RESPONSE TO THE COURT'S MARCH 10, 2015 ORDER <br><br> Date: <br> Time: <br> Courtroom: <br><br> Trial Date: None set |

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Sylvia M. Burwell is substituted as a defendant in her official capacity as Secretary of Health and Human Services.

1

Defendant's Supplemental Response to the Court's March 10, 2015 Order

On March 10, 2015, this Court ordered the parties to file supplemental briefs to address three specific issues related to the parties' cross-motions for summary judgment. First, the Court ordered the parties to "direct the Court to a specific portion of the administrative record no greater than five pages in length where this data can be found for (a) all providers by type and geographic location, and (b) only those providers participating in Medi-Cal by type and geographic location." Minute Order 1, ECF No. 53. Second, the Court requested that the parties address "whether it is arbitrary and capricious for CMS to assert that it is relying on metrics that "'general[ly]' included a particular category of data where the specified data does not appear in the administrative record." *See id*. at 1-2. Finally, the Court asked that the parties "address whether the phrase 'geographic area' as used in 42 U.S.C. §1396a(30)(A) allows for a comparison of statewide data or whether it requires a more granular comparison (such as at the county level)." *See id*. at 2.

In accordance with the Court's March 10, 2015 Order, Defendant, Sylvia M. Burwell, in her official capacity as Secretary of Health and Human Services, submits this supplemental brief to address the three questions raised by the Court in its March 10, 2015 Order.

Defendant's Supplemental Response to the Court's March 10, 2015 Order

**Response to Question 1:** The Secretary respectfully directs the Court's attention to Table 5 on page HHS01379 in the Administrative Record,[2] which shows that 80% of hospitals providing hospital outpatient services participated in the Medi-Cal program for years 2007, 2008, and 2009. And Table 4 on page HHS01378 of the administrative record contains data analyzing Medi-Cal beneficiaries' use of hospital outpatient services by geographic area and subpopulation over the same three-year period. The data in Table 4 shows that in all geographic areas — statewide, metropolitan counties, and non-metropolitan counties — utilization of hospital outpatient services for both adults and children "has remained relatively constant over the [same] 3-year period." HHS01379. Based on these metrics, the Secretary concluded that the State of California had adequately demonstrated that the proposed rate reductions for hospital outpatient services would not affect beneficiaries' access to those services either statewide, within metropolitan counties, or within non-metropolitan counties.

It is true that the State of California did not submit data specifically delineating the "[t]otal number of providers by type and geographic area and participating Medi-Cal providers by type and geographic area" for the hospital outpatient services at issue in this litigation. As this Court noted, state plan amendment 08-009B1 covers several different types of Medicaid providers,

---

[2] The document is titled, "Medi-Cal Fee-For-Service Access Analysis: Hospital Outpatient &Hospital Inpatient Services."

including hospital outpatient providers. The SPA approval letter's reference to "metrics" showing the "[t]otal number of providers by type and geographic location and participating Medi-Cal providers by type and geographic area," *see* HHS01951, refers to the State of California's submission of data analyzing beneficiaries' access to other types of Medicaid services subject to the challenged rate reduction, *e.g.*, Table 1 at HHS001583, which provides an analysis of the availability of pharmacy providers in the Medi-Cal program by comparing the total number of pharmacy providers within the State and the total number of pharmacy providers in rural and urban areas HHS01583 delineating the total number of pharmacies in the State of California.

It is important to note, however, that the administrative record contains data demonstrating that, from 2007 through 2009, the vast majority of *all* hospital outpatient providers, *i.e.*, 80% of all hospital outpatient providers, participated in the Medi-Cal program and that beneficiaries' access to those specific providers remained constant across all geographic areas during the same time period and despite the implementation of a rate reduction for those services. *See* HHS01378, 01379.

**Response to Question 2:** It was neither arbitrary nor capricious for the Secretary to conclude that, based on the above-mentioned metrics contained in the administrative record, together with the State of California's implementation of an

4

Defendant's Supplemental Response to the Court's March 10, 2015 Order

access monitoring plan,³ that the State of California had complied with the requirements of Section 30(A) "as it specifically relates to reimbursement rates that are sufficient to enlist enough [hospital outpatient] providers so that care and services are available at least to the extent that [hospital outpatient] care and services are available to the general population in the geographic area." HHS01951. As explained above, the data provided by the State of California shows that, from 2007 through 2009, the vast majority of *all* hospital outpatient providers, *i.e.*, 80% of all hospital outpatient providers, participated in the Medi-Cal program and that beneficiaries' access to those specific providers remained constant across all geographic areas during the same time period.

This data provided a sufficient basis for the Secretary (and the Ninth Circuit in *Managed Pharmacy Care*) to conclude that beneficiaries' access to hospital outpatient services would not be affected by the challenged rate reduction. To conclude otherwise risks "delv[ing] into the minutiae of the Secretary's approval, picking apart DHCS's research" in an effort to "find[] potential flaws" — an "exercise" that the Ninth Circuit has expressly admonished is "inappropriate . . .

---

³ The Ninth Circuit has already held that the State of California's monitoring plan, which covers the services at issue in this case, "supports the reasonable conclusion that the rate reductions are not expected negatively to impact beneficiary access." *Managed Pharmacy Care, et al. v. Sebelius*, 716 F.3d 1235, 1250 (9th Cir. 2013). "[I]f such problems occur, the State can quickly respond and address them." *Id.* at 1251.

5

Defendant's Supplemental Response to the Court's March 10, 2015 Order

when reviewing agency action under the APA." *Managed Pharmacy Care*, 716 F.3d at 1251.

**Response to Question 3:** The Secretary has interpreted Section 30(A) to allow state discretion to define "geographic area," as long as it does so in a reasonable manner, such as here where California distinguished between urban and rural areas.[4]  This is a reasonable interpretation of the Medicaid Act that is entitled to deference.  *See Methodist Hosps., Inc. v. Sullivan*, 91 F.3d 1026, 1029 (7th Cir. 1996) (explaining that the term "'[g]eographic area' [in the Medicaid Act] could mean many things"); *cf.Bellevue Hosp. Ctr. v. Leavitt*, 443 F.3d 163, 175 (2d Cir. 2006) (observing in the Medicare context that a geographic area "could be as large as a several-state region or as small as a city block").  Indeed, in *Managed Pharmacy Care*, the Ninth Circuit upheld Secretary's decision to approve SPAs based on substantially the same geographic analysis utilized to determine beneficiaries' access to hospital outpatient services at issue here.  *See Managed Pharmacy Care*, 716 F.3d at 1250-51.

---

[4] The State of California developed the metropolitan and non-metropolitan county groups "by using the ERS Rural-Urban Continuum Codes." HHS01375.  As explained in the administrative record, the State of California "calculated [rural areas] by examining the size of a county and its proximity to a metropolitan area." *Id.*  This "classification scheme" allowed the State to "distinguish[] metropolitan counties by the population and size of their metro area, and nonmetropolitan counties by degree of urbanization and adjacency to a metro area or areas." *Id.*

6

Defendant's Supplemental Response to the Court's March 10, 2015 Order

## CONCLUSION

For the reasons stated herein and those set forth in the Secretary's cross-motion for summary judgment, the Court should grant summary judgment in favor of the Secretary and deny Plaintiffs' motion for summary judgment.

DATED: April 13, 2015

Respectfully submitted,

BENJAMIN C. MIZER
Acting Assistant Attorney General

ANDRÉ BIROTTE JR.
United States Attorney
Central District of California

SHEILA LIEBER
Deputy Director

s/ *Tamra T. Moore*
TAMRA T. MOORE
BENJAMIN L. BERWICK
E-Mail: Tamra.Moore@usdoj.gov
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, D.C. 20530
Phone: (202) 514-8095
Fax: (202) 616-8460

*Attorneys for Defendant Sebelius*

# CERTIFICATE OF SERVICE

I certify that on this 13th day of April, 2015, I caused a copy of the foregoing Defendant's Supplemental Response to the Court's March 10, 2015 Order to be filed electronically and that the document is available for viewing and downloading from the ECF system.

s/ <i>Tamra T. Moore</i>