CHAD A. READLER
Acting Assistant Attorney General

SANDRA R. BROWN
Acting United States Attorney
Central District of California

JOEL McELVAIN
Assistant Branch Director

TAMRA T. MOORE
E-Mail:Tamra.Moore@usdoj.gov
Trial Attorney
U.S. Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Ave. NW
Washington, D.C. 20530
Telephone: (202) 305-8628
Facsimile: (202) 305-8517
DC Bar #488392

*Attorneys for Defendant Hargan*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| HOAG MEMORIAL HOSPITAL, et al., | Case No.: Cv-11-10638 (SVW-MAN) |
| Plaintiffs, | DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING REMAND |
| vs. | Date:<br>Time:<br>Courtroom: |
| ERIC D. HARGAN, in his official capacity as Acting Secretary of Health and Human Services, | |
| Defendant. | |

## INTRODUCTION

In *Hoag Memorial Hospital, et al. v. Hargan*, the Ninth Circuit held that the

Secretary's decision to approve the challenged state plan amendment ("SPA") was

1

arbitrary and capricious in violation of the Administrative Procedure Act because he failed to consider "evidence that indicates the level of service available to Medi-Cal patients, relative to that of the general public." 866 F.3d 1072, 1081 (9th Cir. 2017). As a result of that holding, the Ninth Circuit "revers[ed] and remand[ed] to the district court for further proceedings consistent with this opinion." *Id.* at 1082.

This Court has requested supplemental briefing to determine whether the "further proceedings" contemplated by the Ninth Circuit's decision in this matter requires remand to the Secretary. *See* Order, ECF No. As explained in detail below, the Court should conclude that the answer to that question is "yes."

## BACKGROUND

In 2008, the State of California submitted a SPA that proposed, among other things, to retroactively implement a 10% rate reduction for outpatient services provided by hospitals to beneficiaries of California's Medicaid program ("Medi-Cal"). *Id.* at 1075-76. The Secretary initially declined to approve the SPA, reasoning that "the State did not provide information concerning the impact of the proposed reimbursement reductions on beneficiary access to services, even though national data indicate[d] that this [might] be an issue in California." *Id.* at 1076. Shortly thereafter, California submitted a request for reconsideration of the Secretary's decision and submitted new data in support of the SPA. *Id.* This new data included a study reflecting trends in provider participation in Medi-Cal and

Defendant's Supplemental Brief Regarding Remand

outpatient hospital service use over a three-year period, the latter of which reflected "a relatively constant level Medi-Cal utilization of hospital outpatient services during that time period." *Id.* The study also examined whether the percentage of hospitals providing outpatient services had changed over time and concluded that it had not. *Id.* To the contrary, the study found that "access and utilization were clearly not impacted by the 10% provider payment reduction in effect from July 2008 through February 2009." *Id.*

On October 27, 2011, after reviewing the new data that California submitted, the Secretary approved the 10% retroactive rate reduction for outpatient services set forth in the challenged SPA. *See id.* The Secretary's approval letter explained the basis for the Secretary's decision including, as relevant here, his conclusion that the challenged 10% retroactive rate reduction would not impact Medi-Cal beneficiaries' access to outpatient services. *See id.*

In December 2011, Plaintiffs filed this suit challenging the Secretary's SPA approval decision but stayed proceedings pending the Ninth Circuit's decision in *Managed Pharmacy Care v. Sebelius*, 716 F.3d 1235 (9th Cir. 2013), a case that considered the reasonableness of the Secretary's approval of other SPAs submitted by the State of California. *Hoag*, 866 F.3d at 1076. After the Ninth Circuit issued its decision in *Managed Pharmacy Care*, the parties to this matter filed cross-

Defendant's Supplemental Brief Regarding Remand

motions for summary judgment, which the district court granted in favor of the Secretary on September 17, 2015.  *Id.*

On appeal, the Ninth Circuit reversed.  As an initial matter, the Ninth Circuit held that the decision in *Managed Pharmacy Care* did not control the result here because "neither the Secretary nor *Managed Pharmacy Care* directly discussed § 30(A) [of the Medicaid Act]'s express requirement that state plan rates must 'assure that payments . . . are sufficient to enlist enough providers so that care and services are available under the plan *at least to the extent that such care and services are available to the general population* in the geographic area." *Id.* at 1078 (quoting 42 U.S.C. § 1396a(a)(30)(A)) (emphasis in original).  And because the Secretary failed to examine this component of Medi-Cal patients' access to outpatient services, the *Hoag* Court held that the Secretary's interpretation of the Medicaid Act as set forth the SPA approval letter was not entitled to deference because the Secretary failed to examine "Medi-Cal patients' access to care relative to that of the general public."  *Id.* at 1080.

The *Hoag* Court also held that the Secretary's SPA approval decision was arbitrary and capricious because the decision "'entirely failed to consider an important aspect of the problem,' namely, whether § 30(A)'s equal-access requirement would be satisfied."  *Id.* at 1081.  The Ninth Circuit reached this conclusion, reasoning that the Secretary "has not identified any evidence that

Defendant's Supplemental Brief Regarding Remand

indicates the level of service available to Medi-Cal patients *relative to that of the general public*." *Id.* at 1081.  Accordingly, the *Hoag* Court "reverse[d] and remand[ed] to the district court for further proceedings consistent with this opinion." *Id.* at 1082.

## ARGUMENT

### I.      Remand is the appropriate remedy for a violation of the APA.

Plaintiffs filed this action pursuant to § 706(2) of the APA.  That provision provides in relevant part that a "reviewing court shall . . . hold unlawful and set aside agency action" that it finds to be, among other things "arbitrary and capricious . . . or not in accordance with law."  5 U.S.C. § 706(2).  And where, as here, a court has concluded that the Secretary's decision is arbitrary and capricious and therefore in violation of the APA, "the proper course . . .  is to remand to the agency for additional investigation or explanation."  *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985).  This is a well-established tenet of administrative law, *see id.*; *see also SEC v. Chenery Corp.*, 332 U.S. 194 (1947), and indeed the "proper course" after a finding that the challenged agency action is arbitrary and capricious.  *See, e.g., Se. Alaska Conservation Council v. U.S. Army Corps of Eng'rs*, 486 F.3d 638, 654 (9th Cir. 2007) *rev'd on other grounds sub nom. Couer Alaska v. Se. Alaska Council*, 557 U.S. 261 (2009) (directing that "the court should vacate the agency's action and remand to the agency to act in

Defendant's Supplemental Brief Regarding Remand

compliance with its statutory obligations" upon a finding of an APA violation); *Guertin v. United States*, 743 F.3d 382, 388 (2d Cir. 2014) (observing that "[i]n the usual case, when an agency violates its obligations under the APA, we will vacate a judgment and remand to the agency to conduct further proceedings"); *O'Reilly v. U.S. Army Corps of Eng'rs*, 477 F.3d 225, 239 (5th Cir. 2007) ("As a general rule, when an agency decision is not sustainable on the basis of the administrative record, then the matter should be remanded to the agency for further consideration." (internal quotation marks and citation omitted)).

In a case on all fours with this one, the district court ordered a remand for the agency to address APA violations in its approval of a SPA, and the Third Circuit affirmed on appeal. *See Christ the King Manor, Inc. v. Secretary of Health and Human Services*, 673 Fed. Appx. 164 (3d Cir. Dec. 12, 2016). *Christ the King Manor* involved a challenge to the Secretary's 2008 decision to approve a reduced reimbursement rate for private nursing homes that provided skilled nursing services to Medicaid beneficiaries. After the Third Circuit held that the Secretary's SPA decision was arbitrary and capricious and reversed and remanded to the district court for further proceedings, the district court remanded the matter to the Secretary. On remand, the Secretary considered new evidence and reapproved the same SPA with the original effective date. The private nursing home plaintiffs challenged the re-approval and the district court upheld it. The plaintiffs then

Defendant's Supplemental Brief Regarding Remand

appealed the district court's remand decision, and the Third Circuit affirmed. 673 Fed. Appx. 164 (3d Cir. Dec. 12, 2016).

The Third Circuit expressly "agreed" with the district court's decision "to reopen proceedings and issue a redetermination" with respect to the 2008 SPA decision, reasoning that language in the Third Circuit panel's earlier decision "support[ed] the District Court's ruling allowing further agency proceedings." *Id.* at 170-71. In its decision, the Third Circuit explained that the district court's decision was consistent with "[e]stablished administrative law principles [that] provide further support for allowing the agency to reopen, reconsider, and redetermine the validity of the 2008 plan amendment." *Id.* This rationale for remand is equally applicable here.

Plaintiffs resist this conclusion, arguing instead that the intervening years since the Secretary approved the challenged rate reduction in 2008 present "unique facts" upon which the Court should enter final judgment rather than remand to the agency. Joint Position Stmt. at 1-2, ECF No. 73 (Nov. 20, 2017). But this argument ignores the fact that the challenged rate reductions were to be applied retroactively when the SPA was first approved. Plaintiffs do not explain why it was permissible to apply to the challenged rate reductions retroactively in 2011, but not now.

Defendant's Supplemental Brief Regarding Remand

Nor do the facts in this case suggest that it is one of the "rare cases" in which remand is not appropriate. *Guertin*, 743 F.3d at 388. The Third Circuit expressly rejected this exact argument when it affirmed the district court's remand order in *Christ the King Manor*, reasoning that "nothing in the [panel's earlier decision] indicates that this case was the 'rare circumstance' precluding further agency action." *Christ the King Manor*, 673 Fed. Appx. at 171. Put another way, the fact that nearly ten years had passed since the Secretary approved the challenged SPA in *Christ the King Manner* was not a "rare circumstance" that precluded the "usual case" of remand to the agency to cure the defect in its original action. *Id.*; *see also Guertin*, 743 F.3d at 388. The same should be the result here.[1]

---

[1] The Third Circuit's decision (and the Secretary's position herein) is consistent with how the Ninth Circuit has applied this extremely narrow exception "to the ordinary and proper course" of remand to the agency. The Ninth Circuit has held that remand is unwarranted when there is evidence of bad faith or the request for remand is frivolous. *See California Cmtys. Against Toxins v. EPA*, 688 F.3d 989, 992 (9th Cir. 2012). Plaintiffs do not allege that remand is unwarranted because there is evidence of bad faith (nor could they). Nor would remand to the Secretary be frivolous. *See, e.g., Guertin*, 743 F.3d at 388 (refusing to remand to the United States Department of Housing and Urban Development "because there is compelling evidence in the record—a record that would not change if remanded to the agency—that [plaintiff] is entitled to be reimbursed for his legal fees from" the block grant fund). To the contrary, remanding this matter to the Secretary will allow him to consider whether the State of California is able to produce "evidence that indicates the level of service available to Medi-Cal patients *relative to that of the general public*." *Hoag*, 866 F.3d at 1081. Of course, whether the State of California is able to satisfy that burden is unknown at this point, but it is for the Secretary to determine in the first instance. *See id.*; *see also Christ the King Manor*, 866 Fed. Appx. at 1071.

Defendant's Supplemental Brief Regarding Remand

Plaintiffs' reliance on 42 C.F.R. § 447.256(c), a regulation that governs the effective date of approved SPAs, *see* Joint Position Stmt. at 2 n.2, does not compel a different conclusion.  42 C.F.R. § 447.256(c) states in relevant part that "[a] State plan amendment will become effective not earlier than the first day of the calendar quarter in which an approvable amendment is submitted in accordance with §§ 430.20 of this chapter and 447.253."  Plaintiffs argue that because "the Ninth Circuit has held that the SPA at issue was not approvable when submitted (because it was not based on the statutorily required analysis of access), it cannot be approved retroactively."  Joint Position Stmt. at 2 n.2.  Plaintiffs are wrong.

Plaintiffs have failed to point to, nor is there any language in the Ninth Circuit's *Hoag* decision holding that the SPA was not "approvable" at the time it was submitted to the Secretary.   That is because a SPA is "approvable" so long as the change it effects in the SPA are consistent with the Medicaid statute and regulations.  And in this case, the *Hoag* panel never held that the proposed rate cuts set forth in the SPA are inconsistent with either the Medicaid statute or its regulations.

Moreover, courts, including the Ninth Circuit, have expressly rejected the argument that Plaintiffs advance here because it "gives too wooden a meaning to "approvable" and fails to take into account the realities of the approval process." *Independent Acceptance Co. v. California*, 204 F.3d 1247, 1256 (9th Cir. 2000).

Defendant's Supplemental Brief Regarding Remand

As the Ninth Circuit aptly observed in rejecting an argument similar to the one that Plaintiffs advance here: "State plan amendments are complicated proposals, and the Secretary frequently must find that all of the requirements have not been met in the original submission.  If an initial failure to approve, or even an initial disapproval that was subject to reconsideration, were taken to mean that no 'approvable' plan was under submission, the regulation effectively would have been rewritten to require an amendment 'approved without change,' not an 'approvable' one." *Id.*

Here, the Secretary expressly found that the challenged SPA was "approvable" in the first instance based on what the Ninth Circuit held to be his erroneous implicit interpretation of § 30(A)'s statutory requirements.  The fact that the Ninth Circuit concluded that the Secretary's interpretation was mistaken does not mean that the SPA was not "approvable" when it was first submitted by the State of California.

## II.    The Ninth Circuit's Decision in *Hoag* Contemplates Remand to the Secretary.

Not only do well-established administrative law principles support the Secretary's position that remand to the agency is appropriate, but language in the *Hoag* panel's decision indicates that the panel anticipated further proceedings before the Secretary.  For example, in rejecting Plaintiffs' argument that the

Defendant's Supplemental Brief Regarding Remand

Secretary's SPA decision was arbitrary and capricious because he failed to consider the effect of the Emergency Medical Treatment and Labor Act ("EMTALA"), the Ninth Circuit "decline[d] to hold, [] that the Secretary must specifically assess the impact of any given statute on the availability of services to Medi-Cal patients," observing that as the Ninth Circuit "made clear in *Managed Pharmacy Care* [ *v. Sebelius*, 716 F.3d 1325 (9th Cir. 2013)], '§ 30(A) does not require any particular methodology for satisfying the substantive requirements as to modifications of state plans.'" *Hoag*, 844 F.3d at 1081 n.5 (internal citation omitted).

Perhaps most importantly, the *Hoag* Court went on to state that "[s]o long as the Secretary considers evidence plausibly reflecting the substantive result of equal access to care, we leave to his discretion how the potential effects of legislation factor into that consideration." *Id.* This footnote "leaving to the Secretary's discretion" whether the potential effects of other federal legislation factor into his consideration of whether there is in fact equal access to outpatient hospital care strongly suggests that the panel's decision to "remand" the challenged SPA decision contemplates further proceedings before the agency. *Id.* at 1082. Otherwise, the language in this footnote, and indeed the panel's explicit instruction that the Secretary consider "the 'care and services available to general population,'" *see id.*, "would be but a gratuitous tease to HHS," a result the Ninth

11

Circuit could not have intended.  *Christ the King Manor*, 673 Fed. Appx. at 170. At the very least, there is nothing in the *Hoag* decision that forecloses further proceedings before the Secretary.

III.  **The Secretary Should Be Permitted to Reconsider the Challenged SPA Decision.**

It is well-settled that "when a court reviewing agency action determines that an agency has made an error of law, the court's inquiry is at an end: the case must be remanded to the agency for further action consistent with the corrected legal standards." *Water Quality Ins. Syndicate v. United States*, 225 F. Supp. 3d 41, 79 (D.D.C. 2016) (internal quotation omitted).  As this Court has observed, "remand is consistent with the principle that 'administrative agencies have an inherent authority to reconsider their own decisions, since the power to decide in the first instance carries with it the power to reconsider.'"  *Nat'l Res. Def. Council, Inc. v. U.S. Dep't of Interior*, 275 F. Supp. 2d 1136, 1141 (C.D. Cal. 2002).  Remand "also promotes judicial economy by allowing the agency to reconsider and rectify the erroneous decision without further expenditure of judicial resources."  *Id.*  And Plaintiffs have offered no compelling reason why the Court should refuse to apply this tenet of administrative law and the efficiencies it contemplates to the challenged SPA decision here.

Defendant's Supplemental Brief Regarding Remand

## __CONCLUSION__

For these reasons, the Court should remand this matter to the agency for further proceedings consistent with the Ninth Circuit's decision in *Hoag*.

DATED:  December 18, 2017         Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

SANDRA R. BROWN

Acting United States Attorney
Central District of California

JOEL McELVAIN
Assistant Branch Director

s/ *Tamra T. Moore*
TAMRA T. MOORE
E-Mail: Tamra.Moore@usdoj.gov
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, D.C. 20530
Phone: (202) 305-8628
Fax: (202) 305-8517

*Attorneys for Defendant Hargan*

Defendant's Supplemental Brief Regarding Remand

## CERTIFICATE OF SERVICE

I certify that on this 18th day of December, 2017, I caused a copy of the foregoing Defendant's Supplemental Brief Regarding Remand to be filed electronically and that the document is available for viewing and downloading from the ECF system.

s/ <em>Tamra T. Moore</em>

Defendant's Counsel's Request to Appear Telephonically
- 14