ROBERT C. LEVENTHAL, CA Bar No. 119969
  rleventhal@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3500
LOS ANGELES, CA 90071-2411
TELEPHONE:  213.972.4500
FACSIMILE:   213.486.0065

Attorneys for Plaintiffs HOAG
MEMORIAL HOSPITAL, et al.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOAG MEMORIAL HOSPITAL, ET AL.,<br><br>                              Plaintiff,<br><br>             vs.<br><br>ERIC D. HARGAN, ACTING SECRETARY OF UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>                              Defendant. | Case No. 11-CV-10638-SVW-MAN<br><br>**RESPONSE BRIEF REGARDING PROCEDURES ON REMAND FROM THE NINTH CIRCUIT COURT OF APPEAL**<br><br>Complaint Filed:  December 22, 2011<br>FAC Filed:  January 27, 2012<br>Judge:  Hon. Stephen V. Wilson |

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs.*
  *("Christ the King I")*,
  730 F.3d 291 (3d. Cir. 2013) ................................................................ 4

*Christ the King Manor, Inc. v. Secretary of Health and Human Services*,
  673 Fed. Appx. 164 (3d Cir. Dec. 12, 2016) .............................. 3, 4

*Couer Alaska v. Se. Alaska Council*,
  557 U.S. 261 (2009) ................................................................................ 2

*Developmental Services Network v. Douglas*,
  666 F.3d 540 (9th Cir., 2011) ............................................................ 1

*Florida Power & Light Co. v. Lorion*,
  470 U.S. 729 (1985) ................................................................................ 2

*Guertin v. United States*,
  743 F.3d 382 (2d Cir. 2014) .............................................................. 3

*Hoag Memorial Hospital, et al. v. Hargan*,
  866 F.3d 1072 (9th Cir. 2017) ....................................................... 3, 4

*Independent Acceptance Co. v. California*,
  204 F.3d 1247 (9th Cir. 2000) .......................................................... 4

*Kansas Health Care Ass'n, Inc. v. Kansas Dept. of Social and Rehabilitation
  Services*,
  754 F.Supp. 1502 (1990), reversed on other grounds, 958 F.2d 1018
  (1992) ......................................................................................................... 5

*O'Reilly v. U.S. Army Corps of Eng'rs*,
  477 F.3d 225 (5th Cir. 2007) ............................................................ 3

*Se. Alaska Conservation Council v. U.S. Army Corps of Eng'rs*,
  486 F.3d 638 (9th Cir. 2007) rev'd ................................................. 2

*SEC v. Chenery Corp.*,
  332 U.S. 194 (1947) ................................................................................ 2

**California Statutes**

Clean Water Act...........................................................................................................2

4850-3738-3769.3

CMS' Supplemental Brief Regarding Remand ("CMS Supplemental Brief") fails to establish that CMS can give California an opportunity to cure its failure to meet the statutory requirements for implementing a nine-month rate cut through post hoc rationalization almost ten years after the rate cut was illegally put into effect prior to California obtaining CMS approval. To allow such post hoc rationalization would render the rule that "the State [is] obligated to submit and obtain approval of its SPA before implementation" a nullity. *Developmental Services Network v. Douglas*, 666 F.3d 540, 546 (9th Cir., 2011).

This is particularly true because in the very SPA approval at issue, CMS required California to withdraw its request for approval of retroactive rate cuts that had not been implemented because "retroactively implementing rate cuts . . . might potentially affect current access." See, HHS01951-53, a true and correct copy of which is attached to the Leventhal Declaration in support of Plaintiffs' Opening Brief at Ex. "B." Thus, By CMS's own admission, it would not have agreed to approve the rate cut at issue if California had not illegally implemented it prior to obtaining CMS approval. California should not be rewarded for implementing the rate cut without prior CMS approval.

This is not a case where CMS decided that the rate cut at issue was necessary or advisable. Rather, it was California that wanted to implement the rate cut. In order to do so, it needed CMS's approval. CMS acknowledges that "The Secretary initially declined to approve the SPA, reasoning that 'the State did not provide information concerning the impact of the proposed reimbursement reductions on beneficiary access to services, even though national data indicate[d] that this [might] be an issue in California.'" CMS Supplemental Brief at 2:19-24.

California requested reconsideration of the denial and submitted additional analysis. CMS granted the request for reconsideration and approved the rate cut in 2011, three years after it went into effect. This lawsuit challenged that approval. Since the Ninth Circuit has held that the request for reconsideration should not have been granted, the approval should be overturned and the matter concluded. CMS cites no basis for

allowing California to submit a new request for reconsideration or to supplement the administrative record for a rate cut that expired nearly nine years ago.

The cases cited by CMS in support of its position are all easily distinguishable from the present case. *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) involved the issue of whether the Court of Appeal had jurisdiction to review an agency decision refusing to open a proceeding to revoke a nuclear plant license. The Court did not address the issue before this court—whether CMS can reopen a case in which reconsideration should have been denied nine years ago and allow supplementation of the administrative record to allow retroactive approval of a rate cut that was illegally implemented and has long since expired.

Likewise, *SEC v. Chenery Corp*., 332 U.S. 194 (1947) did not involve an agency's attempt to retroactively reopen a case and create a new administrative record. Rather it involved the SEC's refusal to approve a reorganization plan that it believed was unfairly favorable to company management. The Court held that the SEC could do so, despite the fact that its decision deprived the company managers of the benefits that they had sought to obtain. Furthermore, the case involved the rejection of an amendment to the reorganization plan that was adopted after the court remanded the case to the SEC, not the revisiting of agency action that had already been held to be erroneous.

Another case cited by CMS, *Se. Alaska Conservation Council v. U.S. Army Corps of Eng'rs*, 486 F.3d 638, 654 (9th Cir. 2007) rev'd on other grounds sub nom. *Couer Alaska v. Se. Alaska Council,* 557 U.S. 261 (2009) supports plaintiffs position, not CMS's. In that case the Ninth Circuit held that the District Court was required to vacate a permit that the Army Corps of Engineers had issued for a water processing plant on the grounds that the discharges from the plant would violate the Clean Water Act. The Court **did not order the matter remanded to the agency to reconsider its decision**. See, *id.* at 655 ("Consequently, we remand to the district court to **vacate both permits**, as well as the RODs on which they are based.")

Likewise, in the present case, the Court should vacate CMS's approval of the rate cut, not

remand the issue to the agency.

In *Guertin v. United States*, 743 F.3d 382, 388 (2d Cir. 2014) the Court did not remand the matter to the agency for further action. Instead it "ORDER[ed] the United States Department of Housing and Urban Development to authorize Middletown to reimburse the criminal defense costs of plaintiff Richard Guertin from CDBG funds." *Id.* at 389.

In *O'Reilly v. U.S. Army Corps of Eng'rs*, 477 F.3d 225, 239 (5th Cir. 2007), the Court found that the agency's analysis was inadequate but that it might be possible to correct the analysis. Unlike *O'Reily*, in the present case the court held that the administrative record (which was created by California) failed to contain any data that could be used to perform the statutorily required analysis. *Hoag Memorial Hospital, et al. v. Hargan*, 866 F.3d 1072, 1082 (9th Cir. 2017). The present case is therefore a case where there is "no possibility" that CMS can perform the required analysis based on the record before it.

CMS erroneously claims that *Christ the King Manor, Inc. v. Secretary of Health and Human Services*, 673 Fed. Appx. 164 (3d Cir. Dec. 12, 2016), is on all fours with the current case. In fact, *Christ the King* is easily distinguishable from the current case. In *Christ the King*, the rate cut was approved by CMS at the time that it was initially put into place (*Id.* at 166). Unlike in the present case, there was no issue arising from the state's imposition of the rate cut prior to obtaining CMS approval. In the present case CMS refused to approve the rate cut, but changed its mind years later based on an administrative record that failed to meet the statutory requirements.

In *Christ the King*, the Court of Appeal held that "agency's approval was arbitrary and capricious because the Secretary had **failed to explain it adequately**." (*Id.* at 167.) In the present case, the Court of Appeal struck down the approval on its merits:

> Managed Pharmacy Care did not suggest that the Secretary's broad discretion to evaluate compliance with the results prescribed by § 30(A) encompasses the ability to abandon logic or disregard the express language of the relevant portion of the statute. Here the Secretary could not have considered whether rates under the challenged SPA would ensure ''that care and services are available under the plan at least to the extent that such care

RESPONSE BRIEF RE PROCEDURES ON REMAND
Case No. 11-CV-10638-SVW-MAN

-3-

and services are available to the general population'' absent some
consideration of the ''care and services [ ] available to the general
population.'' Because the parties point to no evidence that would inform
such a consideration, we hold that the Secretary's approval of the SPA
violated § 30(A), and was arbitrary and capricious.

866 F.3d at 1082.

Additionally, in *Christ the King*, the Court of Appeal expressly stated that it did
not mean to "imply that the payments Pennsylvania made to providers during the 2008–
09 fiscal year were in fact inconsistent with any of Section 30(A)'s requirements." Id. at
314. The panel also noted that it did "not mean that Plaintiffs will necessarily be entitled
to a rate recalculation" or that "they should have been paid in accordance with the
previously approved state plan." *Christ the King Manor, Inc. v. Sec'y U.S. Dep't of
Health & Human Servs. ("Christ the King I")*, 730 F.3d 291, 314 (3d. Cir. 2013).  In the
present case, the Ninth Circuit's decision contains no such language.[1]

Finally, CMS argues that the rate cut can be applied retroactively because it was
"approvable" at the time it was implemented.  This is simply not the case.  At the time
that the rate cut was implemented in 2008 it was disapproved.  See, HHS01951-53, a true
and correct copy of which is attached to the Leventhal Declaration in support of
Plaintiffs' Opening Brief at Ex. "B."  California asked for reconsideration, and CMS
ultimately approved the rate cut in 2011.  *Id.*  The Ninth Circuit has held that the approval
was arbitrary and capricious and not supported by anything in the record.  The prior
disapproval should therefore be reinstated and the matter put to rest.  There is simply no
basis for allowing California to relitigate the issue.

The sole case that CMS cites in support of its claim that the rate cut was
approvable when implemented in 2008, *Independent Acceptance Co. v. California*, 204
F.3d 1247, 1256 (9th Cir. 2000), is inapposite.  That case merely held that a state may
avail itself of the reconsideration process allowed in the regulations, which California has

---

[1]     The language CMS cites from the Ninth Circuits decision does not state or imply
that CMS will be given an opportunity to revisit the issues litigated in this case.  It merely
clarifies the scope of its holding so that there will be no misinterpretations of it in future
cases.

RESPONSE BRIEF RE PROCEDURES ON REMAND
-4-                 Case No. 11-CV-10638-SVW-MAN

4850-3738-3769.3

done in this case.  The case did not hold did not hold that the administrative record never closes or that a state may try again and again to have a rate cut approved, where it failed to perform the statutorily required analysis prior to implementing it (or during the reconsideration process).

The rate cut in question was implemented over a decade ago (despite the lack of CMS approval) and expired almost nine years ago.  The time for creating ex post facto rationalizations has long passed and the matter should be put to rest.  See, *Kansas Health Care Ass'n, Inc. v. Kansas Dept. of Social and Rehabilitation Services*, 754 F.Supp. 1502 (1990), reversed on other grounds, 958 F.2d 1018 (1992), **"a state cannot implement a state plan, and later undertake a study after that plan has gone into effect."**

DATED:  January 3, 2018                    **FOLEY & LARDNER LLP**
                                            Robert C. Leventhal


                                            _____*Robert C. Leventhal*_____
                                            Robert C. Leventhal
                                            Attorneys for Plaintiffs HOAG
                                            MEMORIAL HOSPITAL, et al.

4850-3738-3769.3