CHAD A. READLER
Acting Assistant Attorney General

SANDRA R. BROWN
Acting United States Attorney
Central District of California

JOEL McELVAIN
Assistant Branch Director

TAMRA T. MOORE
E-Mail:Tamra.Moore@usdoj.gov
Trial Attorney
U.S. Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Ave. NW
Washington, D.C. 20530
Telephone: (202) 305-8628
Facsimile: (202) 305-8517
DC Bar #488392

*Attorneys for Defendant Hargan*

**UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| HOAG MEMORIAL HOSPITAL, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ERIC D. HARGAN, in his official capacity as Acting Secretary of Health and Human Services, <br><br> Defendant. | Case No.: Cv-11-10638 (SVW-MAN) <br><br> DEFENDANT'S REPLY IN SUPPORT OF HIS SUPPLEMENTAL BRIEF REGARDING REMAND <br><br> Date: <br> Time: <br> Courtroom: |

## INTRODUCTION

In his opening brief, the Secretary explained that it is the "proper course" and in fact a well-established principle of administrative law to remand to the agency

1

Defendant's Reply in Support of His Supplemental Brief Regarding Remand

where, as here, a court has held that the Secretary's action is arbitrary and capricious in violation of § 706(2) of the APA. *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). Indeed, the Ninth Circuit's decision in this case expressly contemplates remand, *see* Def.'s Br. at 10-12, ECF No. 78 (Dec. 18, 2017), and in a case virtually identical to this one, that is precisely what the district court ordered, and the Third Circuit affirmed on appeal. *See Christ the King Manor, Inc. v. Secretary of Health and Human Services*, 673 Fed. Appx. 164 (3d Cir. Dec. 12, 2016) (affirming the district court's remand order with respect to the challenged 2008 SPA decision, explaining that the district court's decision comports with "[e]stablished administrative law principles [that] provide further support for allowing the agency to reopen, reconsider, and redetermine the validity of the 2008 plan amendment").

Because none of the arguments that Plaintiffs' advance in their opening brief requires a different result, the Court should remand the challenged SPA to the Secretary consistent with the panel's decision in *Hoag*.

## ARGUMENT

### I.   42 C.F.R. § 477.256(c) does not bar remand to the Secretary.

Plaintiffs' sole argument against remand relies on their interpretation of 42 C.F.R. § 477.256(c), a regulation that governs the effective date of approved SPAs. This regulation provides that a "State plan amendment will become effective no

2

Defendant's Reply in Support of His Supplemental Brief Regarding Remand

earlier than the first day of the calendar quarter in which an approvable amendment is submitted." 42 C.F.R. § 477.256(c).  According to Plaintiffs, because the Ninth Circuit has held that the Secretary's decision to approve the SPA was arbitrary and capricious, the SPA was not "approvable" when California submitted it and therefore cannot be approved retroactively.  *See* Pls.' Br. at 5-6.  But as the Secretary explained in his opening brief, *see* Def.'s Br. at 8-10, this argument miscomprehends the scope of § 477.256(c) and has been categorically rejected by the Ninth Circuit.

Pursuant to § 447.246(c), a SPA is "approvable" so long as the change (*i.e.*, the proposed payment increases and/or reductions for Medicaid services) it effects is consistent with the Medicaid statute and regulations.  Whether a SPA is "approvable" when it is first submitted to the Secretary does not, as Plaintiffs claim, turn on whether a State has initially submitted *all* of the evidence necessary to show that the change the SPA seeks to effect comports with the Medicaid statutory and regulatory regime.  Indeed, the facts of this case show the error in this argument.  *See* Def.'s Summ. J. Br. at 6-7, ECF No. 42-1 (Nov. 7, 2013).

As the Secretary explained in his summary judgment brief, *see id.*, in November 2010, the Secretary initially disapproved the challenged SPA, and shortly thereafter, California requested reconsideration of that decision and submitted additional data and material in 2011.  And as relevant here, when the Secretary

3

Defendant's Reply in Support of His Supplemental Brief Regarding Remand

finally approved the SPA at issue on October 27, 2011, he did so effective July 1, 2008, *i.e.*, the first day of the calendar quarter in which the "approvable" SPA was submitted. *Id.*

Put another way, if, as Plaintiffs argue, § 477.256(c) requires that all supporting evidence be submitted *before* a SPA is deemed "approvable," the Secretary would have given the challenged SPA an effective date in 2011, that is, on the first day of the calendar quarter in which the Secretary received the additional data. But as is clear from the Secretary's October 27, 2011 SPA approval letter, *see* Ex. B to Leventhal Decl., ECF No. 77-1, the Secretary does not interpret § 477.256(c) in this manner, and it is the Secretary's interpretation of his own regulation that is entitled to deference. *See Auer v. Robbins*, 519 U.S. 452, 461 (1997) (explaining that Secretary's interpretation of his own regulations is "controlling"); *see also Harkonen v. U.S. Dep't of Justice*, 800 F.3d 1143, 1150 (9th Cir. 2015) ("An agency's interpretation of its own regulations is entitled to judicial deference unless that interpretation is 'plainly erroneous or inconsistent with the regulation.'" (quoting *Auer*, 519 U.S. at 461)).

Moreover, the Ninth Circuit has expressly rejected the argument that Plaintiffs advance here because it fails to take into account the realities of the approval process—a process that requires consideration of complicated proposals and which often takes a considerable amount of time to complete for that reason. *See* Def.'s

4

Defendant's Reply in Support of His Supplemental Brief Regarding Remand

Br. at 9-10 (quoting *Independent Acceptance Co. v. California*, 204 F.3d 1247 (9th Cir. 2000)).

Finally, Plaintiffs' argument that the *Hoag* panel held that the challenged SPA "was not approvable at the time it was submitted," *see* Pls.' Br. at 5, is belied by the Ninth Circuit's decision itself. As the Secretary explained in his opening brief, *see* Def.'s Br. at 8-10, the Ninth Circuit held that the Secretary's interpretation of § 30(A) was mistaken. The *Hoag* panel did *not* consider whether the challenged SPA was "approvable" when the State of California submitted the SPA to the Secretary in 2008. Nor could the panel have considered this issue. That is because Plaintiffs never raised this argument before this Court or on appeal to the Ninth Circuit. If Plaintiffs believed that the Secretary's decision to approve the challenged SPA with a July 2008 retroactive effective date violated 42 C.F.R. § 447.256(c) because the Secretary did not receive all of the evidence necessary to conclude that the SPA was "approvable" until 2011, Plaintiffs should have made the argument earlier in the litigation. Because Plaintiffs did not, they are precluded from raising it now. *See, e.g.*, *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010) (explaining that "an issue will generally be deemed waived on appeal if the argument was not raised sufficiently for the trial court to rule on it").

5

Defendant's Reply in Support of His Supplemental Brief Regarding Remand

## II. Remand to the Secretary is Appropriate and Contemplated by the *Hoag* Panel's Decision.

Where, as here, a court has held that an agency's action is arbitrary and capricious, the ordinary course is to remand the decision to the agency so that the agency may attempt to cure the deficient action. *See* Def.'s Br. at 5-6 (collecting cases). This is precisely what the *Hoag* panel contemplates when it discussed in its decision "the discretion" that the Secretary has in considering "the potential effects of legislation" when assessing whether "the substantive result of equal access to care" has been satisfied. *Hoag Mem. Hosp. v. Hargan*, 866 F.3d 1072, 1081 n.5 (9th Cir. 2017). There would be no reason for the panel's decision to mention the Secretary's discretion, the need to consider "evidence [that] plausibly reflect[s] the substantive result of equal access to care," or refer to "further proceedings consistent with" its decision if, as Plaintiffs argue, the Ninth Circuit intended for this Court to only enter judgment in their favor. *See Christ the King Manor*, 673 Fed. Appx. at 170.

Nor is there any merit to Plaintiffs' argument that the challenged SPA "cannot be cured" retroactively.[1] Pls.' Br. at 5. Consistent with the Ninth Circuit's

---

[1] Plaintiffs' reliance on *Kansas Health Care Association v. Kansas Department of Social & Rehabilitation Services*, 754 F. Supp. 1502 (D. Kan. 1990), for the proposition that " state cannot implement a state plan" and then later undertake a study after the plan has gone into effect does nothing to salvage this argument. The district court's decision in this 1990 out-of-circuit case turned on the court's

6

Defendant's Reply in Support of His Supplemental Brief Regarding Remand

decision in *Hoag*, there is nothing preventing the State of California from submitting data that it may have collected, or studies that have been conducted, to show that the access to outpatient care by Medicaid beneficiaries was equivalent to or better than access to the same services by the general population during the relevant time period.

It is also for this reason that Plaintiffs' claim that there is no reason to retroactively validate the challenged rate cuts given that they expired eight years ago, *see* Pls.' Br. at 5 & 7 n.3, should not be credited. This exact argument was advanced by the private nursing homes after remand in *Christ the King Manor* and ultimately rejected by the district court. *See Christ the King Manor, Inc. v. Burwell*, 163 F. Supp. 3d 123, 133-37 (M.D. Pa. 2016).

In that case, in addition to arguing against remand, the private hospitals claimed that the Secretary's decision to approve the challenged SPA could not be cured by "post-hoc" data. *See id.* at 133. The district court rejected the private nursing homes' argument, holding that "the Secretary's determination to use the most current data available to her upon remand to examine whether [the challenged SPA] did in fact comply with Section 30(A)'s requirements was a permissible and reasonable interpretation of this statute." *Id.* at 134. In reaching this conclusion,

---

interpretation of the long since-repealed Boren Amendment to the Medicaid statute. *See id.* at 1513.

the district court observed how "broadly written" and "unspecific Section 30(A) is in terms of what is required of a state plan and how the agency must discern whether a state plan meets those requirements." *Id.* (quoting *Armstrong v. Exceptional Child Ctr., Inc.*, 135 S. Ct. 1378, 1385 (2015)). Given its broad requirements and lack of specificity, the district court held that the Secretary's construction of § 30(A) as permitting the consideration of "the most accurate and current" data is a permissible interpretation of the statute that is entitled to deference. *See id.* As mentioned above, the Third Circuit affirmed the district court's decision on the question of remand to the Secretary and the district court's decision to uphold Secretary's re-approval of a long-expired SPA based on current data. *See Christ the King Manor*, 673 Fed. Appx. at 172 (affirming the district court's decision to uphold the re-approved SPA, reasoning that "[i]t makes little sense for the Secretary to ignore the 'answer to the test' given that "[t]he data showing the actual impact of the lower payments the 2008 plan amendment authorized is clearly more recent and more accurate than the predictive data available in December 2008, when the agency first examined the proposed change"). The same rationale (and deference) has equal applicability here.

## **CONCLUSION**

For these reasons and those set forth in the Secretary's opening brief, the Court should remand this matter to the agency for further proceedings consistent with the Ninth Circuit's decision in *Hoag*.

DATED:  January 3, 2018  Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

SANDRA R. BROWN
Acting United States Attorney
Central District of California

JOEL McELVAIN
Assistant Branch Director

s/ *Tamra T. Moore*
TAMRA T. MOORE
E-Mail: Tamra.Moore@usdoj.gov
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, D.C. 20530
Phone: (202) 305-8628
Fax: (202) 305-8517

*Attorneys for Defendant Hargan*

**CERTIFICATE OF SERVICE**

I certify that on this 3rd day of January, 2018, I caused a copy of the foregoing Defendant's Reply in Support of His Supplemental Brief Regarding Remand to be filed electronically and that the document is available for viewing and downloading from the ECF system.

s/ *Tamra T. Moore*