UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | Cv-11-10638 (SVW-MAN) | Date | February 1, 2018 |
| Title | *Hoag Memorial Hospital v. Eric D. Hargant* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER REMANDING CASE TO AGENCY [76]

In an APA appeal, the Ninth Circuit reversed a grant of summary judgement entered by this Court in favor of the agency and "revers[ed] and remand[ed] to the district court for further proceedings consistent with this opinion." *Hoag Memorial Hospital, et al. v. Hargan,* 866 F.3d 1072, 1082 (9th Cir. 2017). This Court must now decide if those "further proceedings" will be a remand to the agency, or an entry of judgment in favor of Plaintiffs. The Court concludes that remand is the appropriate course, and accordingly REMANDS the case to the agency.

I. **Factual Background and Procedural History**

In 2008, the State of California submitted a state plan amendment ("SPA") that proposed, among other things, to retroactively implement a 10% rate reduction for outpatient services provided by hospitals to beneficiaries of California's Medicaid program ("Medi- Cal"). *Id.* at 1075-76. The Secretary of Health and Human Services ("the Secretary") initially declined to approve the SPA, reasoning that "the State did not provide information concerning the impact of the proposed reimbursement reductions on beneficiary access to services, even though national data indicate[d] that this [might] be an issue in California." *Id.* at 1076. California then submitted a request for reconsideration of the Secretary's decision and submitted new data in support of the SPA. *Id.*

:
_____   _____
Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

### CIVIL MINUTES - GENERAL

| Case No. | Cv-11-10638 (SVW-MAN) | Date | February 1, 2018 |
|---|---|---|---|
| Title | *Hoag Memorial Hospital v. Eric D. Hargant* | | |

On October 27, 2011, after reviewing the new data that California submitted, the Secretary approved the 10% retroactive rate reduction for outpatient services set forth in the challenged SPA. *See id.* The Secretary's approval letter explained the basis for the Secretary's decision including, as relevant here, his conclusion that the challenged 10% retroactive rate reduction would not impact Medi-Cal beneficiaries' access to outpatient services. *See id.*

Plaintiffs thereafter brought suit challenging the Secretary's approval of the SPA. The proceedings were stayed pending the Ninth Circuit's decision in *Managed Pharmacy Care v. Sebelius*, 716 F.3d 1235 (9th Cir. 2013), a case that considered the reasonableness of the Secretary's approval of other SPAs submitted by the State of California. *Hoag*, 866 F.3d at 1076. After the Ninth Circuit issued its decision in *Managed Pharmacy Care*, the parties to this matter filed cross-motions for summary judgment, which the district court granted in favor of the Secretary on September 17, 2015. *Id.* On appeal, the Ninth Circuit reversed.

**II.     Discussion**

Plaintiffs filed this action pursuant to § 706(2) of the APA. That provision provides in relevant part that a "reviewing court shall . . . hold unlawful and set aside agency action" that it finds to be, among other things "arbitrary and capricious . . . or not in accordance with law." 5 U.S.C. § 706(2). When a court has concluded that the Secretary's decision is arbitrary and capricious and therefore in violation of the APA, "the proper course . . . is to remand to the agency for additional investigation or explanation." *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). Only in "rare circumstances" should the Court decline to remand to the agency and enter judgment itself. *Id.*

Nothing in the Ninth Circuit's opinion suggests that this is one of those rare circumstances. The Ninth Circuit held that the decision in *Managed Pharmacy Care* did not control the result here because "neither the Secretary nor *Managed Pharmacy Care* directly discussed § 30(A) [of the Medicaid Act]'s express requirement that state plan rates must 'assure that payments . . . are sufficient to enlist enough providers so that care and services are available under the plan *at least to the extent that such care and services are available to the general population* in the geographic area." *Id.* at 1078 (quoting 42 U.S.C. § 1396a(a)(30)(A)) (emphasis in original). And because the Secretary failed to examine this component of

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

### CIVIL MINUTES - GENERAL

| Case No. | Cv-11-10638 (SVW-MAN) | Date | February 1, 2018 |
|---|---|---|---|
| Title | *Hoag Memorial Hospital v. Eric D. Hargant* | | |

Medi-Cal patients' access to outpatient services, the *Hoag* Court held that the Secretary's interpretation of the Medicaid Act as set forth the SPA approval letter was not entitled to deference because the Secretary failed to examine "Medi-Cal patients' access to care relative to that of the general public." *Id.* at 1080. The *Hoag* Court also held that the Secretary's SPA approval decision was arbitrary and capricious because the decision "'entirely failed to consider an important aspect of the problem,' namely, whether § 30(A)'s equal-access requirement would be satisfied." *Id.* at 1081.

That Court's reasoning clearly takes issue with the decision-making *process*, but nowhere in the opinion is any indication that the *substantive* result the Secretary reached is untenable. Thus, remand to the Secretary is the appropriate remedy, to allow the agency to further develop the factual record.

Plaintiffs' main argument to the contrary is that 42 C.F.R. § 447.256(c), a regulation that governs the effective date of approved SPAs, compels this Court to enter judgment in their favor. 42 C.F.R. § 447.256(c) states in relevant part that "[a] State plan amendment will become effective not earlier than the first day of the calendar quarter in which an approvable amendment is submitted in accordance with §§ 430.20 of this chapter and 447.253." Because the retroactive rate cut was rejected by the Ninth Circuit as arbitrary and capricious, Plaintiffs contend that the amendment was not "approvable." Plaintiffs, however, conflate "approvable" with "approved." Although it is true that the plan was not ultimately approved, nothing in the panel opinion indicates that the rate cuts themselves are not approvable if the proper processes are followed. Indeed, the Ninth Circuit has in the past rejected just such an attempt to equate "approvable" with "approved." *See Independent Acceptance Co. v. California*, 204 F.3d 1247, 1256 (9th Cir. 2000).

Plaintiffs also argue that the retroactive nature of the rate cut precludes remand here. But this argument is to no avail. The rate cut was retroactive at the time it was proposed, and it remains retroactive now (if even more retro). It is not clear why this should affect the Court's analysis.

Finally, the plain language of the *Hoag* opinion confirms that remand is appropriate. The Court stated "[s]o long as the Secretary considers evidence plausibly reflecting the substantive result of equal access to care, we leave to his discretion how the potential effects of legislation factor into that consideration." *Hoag*, 844 F.3d at 1081 n.5. This language clearly contemplates that the Secretary will take further action

:  
_____    _____

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | Cv-11-10638 (SVW-MAN) | Date | February 1, 2018 |
|---|---|---|---|
| Title | *Hoag Memorial Hospital v. Eric D. Hargant* | | |

on this matter. Accordingly, this matter is REMANDED to the Secretary.[1]

IT IS SO ORDERED.

---

[1] The Court also notes that the Third Circuit held this to be the appropriate course of action in a situation extremely similar to the one at hand. *See Christ the King Manor, Inc. v. Secretary of Health and Human Services*, 673 Fed. Appx. 164 (3d Cir. Dec. 12, 2016).

Initials of Preparer     PMC